UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-CV-21712

YASIBIT ARENAS,

        Plaintiff,

vs.

OUR KIDS HOME INC. and
ZENAIDA D. OTAMENDI a/k/a
ZENAIDA D. HECHEVARRIA, individually,

        Defendants.
_____/

## COMPLAINT

Plaintiff, YASIBIT ARENAS, sues Defendants, OUR KIDS HOME INC. and ZENAIDA D. OTAMENDI a/k/a ZENAIDA D. HECHEVARRIA, for back wages owed to her that Defendants failed to pay in violation of §7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq*. ("the FLSA"), plus for a declaration of rights, permanent injunctive relief, liquidated damages, attorneys' fees, and costs.

### *Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Yasibit Arenas**, was and is a resident of Miami-Dade County, Florida, at all times material, and she is *sui juris*. She was an hourly non-exempt employee of Defendants who earned, but did not receive, overtime wages calculated at time and one-half times her regular rate of pay for all time she spent working over 40 hours per week from Defendants. Ms. Arenas consents to participate in this lawsuit. [DE 1-1.]

2.    **Defendant, Our Kids Home Inc. ("Our Kids")**, is a Florida for-profit that conducts its for-profit business in Florida, and it is *sui juris*. It maintains several (four) group

1

homes and its principal place of business here, in Miami-Dade County, Florida.

3. **Defendant, Zenaida D. Otamendi ("Otamendi")**, was and is also known as Zenaida D. Hechevarria. She was and is the owner and operator of Our Kids, for the relevant time period. She ran its day-to-day operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages. She lives and works in Miami-Dade County, Florida.

4. Defendants, Our Kids and Otamendi, were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed the Plaintiff.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, maintain group homes and their principal place of business and/or live in this District, because Defendants employed the Plaintiff in this District, and because most of the actions complained of occurring within this District.

### *Background Facts*

6. Defendants have been at all times material engaged in interstate commerce in the course of their provision of care and services which, traditionally, cannot be performed without using goods, materials, medication, supplies, and equipment that have all moved through interstate commerce. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical payors. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

7. In particular, Defendants own and operate approximately four group home facilities that utilize computers, software, medical equipment and supplies, telephones, phone

2

systems, and other materials and supplies to engage in interstate commerce.

8. Plaintiff worked for Defendants from approximately June 8, 2010 through March 31, 2013. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

9. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her using telephones, cleaning materials and supplies, and other office goods and supplies that moved through interstate commerce.

10. Defendants paid Plaintiff an hourly rate of pay of $9.50 per hour for each documented hour worked.

11. Defendants required Plaintiff work in excess of 40 hours per week, at approximately 10 to 15 hours of overtime per week.

12. Ultimately, Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of her regular rate of pay for all hours worked over 40 hours in a given workweek.

13. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

14. All conditions precedent have been satisfied by Plaintiff or waived by Defendants.

**COUNT I –OVERTIME VIOLATION**

Plaintiff reincorporates and re-allege all preceding paragraphs as though set forth fully herein and further allege as follows:

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

15. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half her regular rate of pay of $9.50 per hour for each of the overtime hours she worked during the relevant time period.

16. Defendants either recklessly failed to investigate whether their failure to pay Plaintiffs an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendants were not required to pay her overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime pay she earned.

17. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Yasibit Arenas, demands the entry of a judgment in her favor and against Defendants, Our Kids Home Inc. and Zenaida D. Otamendi a/k/a Zenaida D. Hechevarria, jointly and severally, after trial by jury and as follows:

   a. That Plaintiff recover compensatory damages and an equal amount of liquidated damages for the past three years as provided under the law and in 29 U.S.C. § 216(b);

   b. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

   c. That Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief; and

   d. Such other and further relief as the Court deems just and proper.

4

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

## COUNT II – DECLARATION OF RIGHTS

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

18. Plaintiff and Defendants have a pending dispute under the Fair Labor Standards Act, which this Court has jurisdiction to decide pursuant to 29 U.S.C. §1331. The Court also had jurisdiction over Plaintiff's request for a declaration of rights pursuant to 28 U.S.C. §§2201, 2202.

19. Defendants did not rely on a good faith defense in not paying Plaintiff and the other similarly situated employees all minimum wages or her overtime wages.

20. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

21. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiffs and all other current and former employees of Defendants now and in the future.

WHEREFORE Plaintiff, Yasibit Arenas, demands the entry of a judgment in her favor and against Defendants, Our Kids Home Inc. and Zenaida D. Otamendi a/k/a Zenaida D. Hechevarria, as follows:

a. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiffs;

b. That the Court issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

c. That Defendants be enjoined from further violations of the Fair Labor Standards Act; and

d. That the Court award such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 13th day of May, 2013.

        Respectfully Submitted,

        FAIRLAW FIRM
*Attorney for Plaintiff*
9130 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Tel:   305.230.4884
Fax:   305.230.4844

*s/Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

6

9130 S. Dadeland Blvd., Suite 1500, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com